GEORGE L. PATTEN, Associate Judge.
The appellants herein constitute the State Board of Funeral Directors and Embalmers and will be referred to as the Board. The Appellees are licensees of the Board, William H. Griffith being individually licensed as a funeral director and embalmer and Giddens-Griffith Funeral Home being the holder of a license to operate a funeral *448 home. On November 9, 1962, the Board filed a complaint and notice of hearing against both appellee Griffith as a funeral director and embalmer and the funeral home as holder of a funeral home license. The •complaint and notice of hearing charged appellees with having violated certain provisions of F.S. Section 470.12, F.S.A., as to .appellee Griffith’s individual license, and F.S. Section 470.32, F.S.A., as to the license •of appellee Giddens-Griffith Funeral Home. Appellee Griffith was charged with violation of F.S. Section 470.12 (1) (g), F.S.A, as an embalmer, in that he executed embalming affidavits falsely in two circumstances, i. e, that he signed the affidavits stating that he personally had embalmed two bodies, but in fact they were embalmed by an apprentice who was not licensed to do so. Ap-pellee Griffith was also charged as to his funeral director’s license, with violating Section 470.12 (2) (g) by shipping or delivering merchandise or funeral supplies, with the intent to deceive the purchaser, which did not conform to the samples submitted or representations made prior to securing the order therefor in two separate instances, i. e. in two funerals certain caskets as ordered by the survivors of the deceased persons were utilized at the public funerals, but later plain wooden boxes, called “Pauper’s boxes” in the trade, were substituted therefor when the respective bodies were sent away for cremation without the knowledge or consent of the survivors.
Hearing on the complaint was held December 10, 1962, and on the previous day, December 9, 1962, respondents, appellees herein, filed a motion to dismiss attacking the sufficiency of the complaint in all respects and attacking the service of the copy •of the complaint and notice of hearing on the respondent, William H. Griffith, in that said copy of the complaint and notice of hearing was not served upon him as required by statute. With respect to service, which is jurisdictional and forms the crux •of this appeal, the following appears to have transpired: A copy of the complaint and notice of hearing was mailed by registered mail on November 9, 1962, to Mr. William H. Griffith, Giddens-Griffith Funeral Home, 117 3rd Avenue, South, Jacksonville Beach, Florida; this envelope containing the notice and charges addressed to Griffith, a part-owner of the funeral home, the receipts and registered mail numbered 2833 and 2834, and the return receipt containing the signature of T. J. Giddens, another part-owner of the funeral home, as to registered mail No. 2833, were introduced in evidence. It is conceded that the complaint and notice addressed to appellee Griffith was not in fact received by him through the mail, but the complaint and notice addressed to Mr. T. J. Giddens was received by him on November 13, 1962. Appellee Griffith was duly served with a copy of the complaint and notice by a deputy sheriff of Duval County who left a copy thereof at the residence of Griffith, 2702 South 1st, Jacksonville Beach, Florida, as reflected in the sheriff’s original return made part of the Board’s record.
During the hearing on December 10, 1962, a number of witnesses testified on behalf of the Board as well as the respondents. On January 13, 1963, the Board entered its order revoking the funeral director’s and embalming license of appellee Griffith and the funeral home license of appellee Gid-dens-Griffith Funeral Home, Jacksonville Beach.
The record in this proceeding, assuming the Board had jurisdiction over the parties, is ample and sufficient to sustain the Board’s order revoking appellee Griffith’s license and the funeral home license of ap-pellee Giddens-Griffith Funeral Home, Jacksonville Beach. F.S. Section 470.13(3), F.S.A. setting forth the procedure to be followed by the Board in a revocation proceeding states as follows:
“The secretary of the board shall transmit to the accused a true copy of said written complaint by registered mail, together with a notice setting forth the charge or charges that will be heard before the board and the date and place *449 at which such hearing will be held, which date shall be not less than thirty-days after mailing of such notice. The accused licensee may appear before the board at such time and place in person or by counsel and dispute or disprove the said charge.”
The record clearly shows that the Board in fact attempted to serve appellee Griffith by registered mail the necessary papers and further that the mailing thereof occurred not less than 30 days before the date of the hearing. The mailing was on November 9, 1962, and the date of the hearing was December 10, 1962. It is undisputed that appellee Griffith did not receive the registered mail containing charges and notice of hearing, but that upon return of the undelivered letter to the Board service was effected through the sheriff’s office on Griffith on November 21, 1962, which was 19 days before the date of the hearing. Appellees filed a motion to dismiss for grounds among which was the fact appellee Griffith was not served by registered mail as provided in Section 470.13, supra.
The method of service provided in Section 470.13, supra, is not exclusive and if it is shown that a respondent had deliberately flaunted attempted service thereunder, then personal service through the sheriff’s office could be obtained. There is nothing properly in the record to show that appellee Griffith deliberately evaded the receipt of the registered notice in this cause and had it been mailed to appellee’s residence or abode at 2702 South 1st Street, Jacksonville Beach, Florida, in the first instance this question of jurisdiction would in all likelihood not be before this court.
Another point raised was whether service of complaint and notice of hearing when made upon one of several owners of a licensed funeral home is sufficient to give the Board jurisdiction as to the establishment’s license. F.S. Section 470.32, F.S.A. providing for revocation of an establishment license reads in part as follows:
“ * * * After notice and hearing, any license of a funeral home, mortuary, chapel or funeral establishment may be suspended or revoked by said board if the evidence shows that the operators have violated either this law or the provisions of Chapter 470.”
Appellants rely on and contend that Gid-dens-Griffith Funeral Home was properly served because of F.S. Section 47.15, F.S.A. which reads as follows:
“When any original process is sued out against several persons composing a mercantile or other firm, the service of said process on any one member of said firm shall be as valid as if served upon each individual member thereof; and the plaintiff may, after service upon any one member as aforesaid, proceed to judgment and execution against them all.”
We agree with appellees’ argument that the complaint and notice which was admittedly served on T. J. Giddens individually was not binding on other owners of Giddens-Griffith Funeral Home. These proceedings are penal in nature and must be strictly construed.
We have carefully reviewed the record in this cause and conclude that the court below was eminently correct in reversing appellants’ order on the ground that it had no jurisdiction over the parties.
Accordingly the order appealed from is hereby affirmed.
STURGIS, C. J., and RAWLS, J, concur.